## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DISTRICT

| | |
|---|---|
| THE HONORABLE REVEREND KENNETH L. SIMON 1507 HILLMAN AVENUE YOUNGSTOWN, OHIO 44507 | CASE NO. . 4:22-cv-612 |
| AND | RELATED CASE NOS. 2:21-CV-2267 AND 4:88-CV-1104 |
| THE HONORABLE REVEREND LEWIS W. MACKLIN, II 505 PARKCLIFFE AVENUE YOUNGSTOWN, OHIO 44571 | JUDGE _____ |
| AND | "THREE-JUDGE PANEL REQUESTED" |
| HELEN YOUNGBLOOD 749 COITSVILLE ROAD YOUNGSTOWN, OHIO 44405 INDIVIDUALLY AND AS SUCCESSOR REPRESENTATIVES OF THE CLASS OF AFRICAN AMERICAN VOTERS CERTIFIED IN <u>EZELL ARMOUR, ET AL. V. THE STATE OF OHIO, ET AL</u>, N.D. OHIO CASE NO. 775 F. SUPP 1044 (N.D. OHIO, 1991) | "CLASS-ACTION ALLEGATIONS"  "CLAIM OF UNCONSTITUTIONALITY" |
| PLAINTIFFS | |
| VS. | |
| GOVERNOR MIKE DEWINE, GOVERNOR AND MEMBER OF THE OHIO REDISTRICTING COMMISSION RIFFE CTR. 30TH FLOOR 77 SOUTH HIGH ST. COLUMBUS, OH 43215 | |
| AND | |
| SECRETARY OF STATE FRANK LAROSE, AS SECRETARY OF STATE AND MEMBER OF | |

| | |
|---|---|
| THE OHIO REDISTRICTING COMMISSION<br>22 NORTH FOURTH ST. 16TH FLOOR<br>COLUMBUS, OH 43215 | :<br>:<br>:<br>:<br>: |
| AND | : |
| HOUSE SPEAKER ROBERT R. CUPP, SPEAKER OF THE OHIO HOUSE OF REPRESENTATIVES AND CO-CHAIR OF THE OHIO REDISTRICTING COMMISSION<br>77 SOUTH HIGH ST. 14TH FLOOR<br>COLUMBUS, OH 43215 | :<br>:<br>:<br>:<br>:<br>:<br>: |
| AND | : |
| SENATE PRESIDENT MATT HUFFMAN<br>PRESIDENT OF THE OHIO SENATE AND MEMBER OF THE OHIO REDISTRICTING COMMISSION<br>1 CAPITOL SQ. 2ND FLOOR<br>COLUMBUS, OH 43215 | :<br>:<br>:<br>:<br>:<br>:<br>: |
| AND | : |
| AUDITOR KEITH FABER, MEMBER OF THE OHIO REDISTRICTING COMMISSION<br>88 EAST BROAD STREET, 5TH FLOOR<br>COLUMBUS, OHIO 43215 | :<br>:<br>:<br>:<br>:<br>: |
|       DEFENDANTS. | :<br>:<br>:<br>: |

2

## MOTION OF PLAINTIFFS REVEREND KENNETH L SIMON, REVEREND LEWIS MACKIN AND HELEN YOUNGBLOOD FOR A THREE JUDGE COURT

In accordance with the provisions of 28 U.S.C. §2284(a), Plaintiffs, the Honorable Kenneth L. Simon, the Honorable Reverend Lewis Macklin and Helen Youngblood, respectfully request the convening of a three judge court for the reason the Complaint in this action challenges the Constitutionality under Section 2 of the Fourteenth Amendment and the Fifteenth Amendment, of the March 2, 2022 Plan for the apportionment of Ohio Congressional districts.

A memorandum in support of this motion and proposed order are attached.

/s/ Percy Squire
Percy Squire (0022010)
Percy Squire Co., LLC
341 S. Third Street, Suite 10
Columbus, Ohio 43215
(614) 224-6528, Telephone
(614) 224-6529, Facsimile
psquire@sp-lawfirm.com

**MEMORANDUM**

Plaintiffs, in this action, the Honorable Reverend Kenneth L. Simon, Reverend Lewis Mackin and Helen Youngblood, have in their individual capacities as registered Ohio voters and members of the class of persons protected by the provisions of §2 of the Voting Rights Act of 1965, as amended, the Fourteenth and Fifteenth Amendments, and as successor representatives of the class certified in Ezell Armour v. Ohio, 775 F. Supp, 1044 (6th Cir. 1991), have filed a challenge under Section 2 of the Fourteenth Amendment and the Fifteenth Amendment to the configuration of Ohio Congressional Districts, approved on March 2, 2022 by Ohio. Given that Plaintiffs have challenged the Constitutionality of the Ohio Plan, the convening of a three-judge court is respectfully requested.

The United States Code provides, in pertinent part:

28 U.S. Code § 2284 - Three-judge court; when required; composition; procedure

(a) A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

(b) In any action required to be heard and determined by a district court of three judges under subsection (a) of this section, the composition and procedure of the court shall be as follows:

(1) Upon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. The judges so designated, and the judge to whom the request was presented, shall serve as members of the court to hear and determine the action or proceeding.

Title 28 U.S.C. §2284 (emphasis added).

The Complaint in this action alleges that Defendants' Congressional redistricting plan intentionally dilutes Black voter strength by separating Mahoning and Trumbull

4

Counties and by submerging Mahoning Valley Black voters into a racially polarized voting district 165 miles long comprised of ten counties, which results in the political processes leading to election of representatives of choice not being equally open to Plaintiffs, in violation of the Fourteenth and Fifteenth Amendments. Plaintiffs have alleged Defendants' Constitutional violations were intentional and done in conscious disregard of the findings in Armour of historical violations of the Fourteenth and Fiftheenth Amendments.

Plaintiffs have also alleged that by reason of Defendants' intentional debasing of Black voting strength in the Mahoning Valley and throughout Ohio, under Section 2 of the Fourteenth Amendment, Ohio's representation in Congress must be reduced in proportion to the injury inflicted upon Plaintiffs' classes' voting strength. These allegations require the convening of a three-judge court. In point of fact:

> The Fourteenth Amendment to the Constitution provides that "Representatives *1126 shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State." U.S. Const. Amend. XIV, § 2. To make that apportionment possible, the Constitution mandates that an "actual Enumeration" be conducted "every ... ten Years, in such Manner as [Congress] shall by Law direct." Id. Art. I, § 2, cl. 3.
>
> To convene a three judge court, the court must first determine if the case satisfies the threshold jurisdictional requirements of § 2284(a). Kalson v. Paterson , 542 F.3d 281, 287 (2d Cir. 2008) ; Armour v. State of Ohio , 925 F.2d 987, 989 (6th Cir. 1991). And, if a claim meets § 2284(a) 's requirements, the court must convene a three judge district court. Coin. of Mass. v. Mosbacher, 785 F. Supp. 230, 234 (D. Mass. 1992), rev'd sub nom. Franklin v. Massachusetts, 505 U.S. 788, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992) ; Shapiro v. McManus , 577 U.S. 39, 136 S.Ct. 450, 193 L.Ed.2d 279 (2015) (discussing that the use of "shall" in a statute eliminates discretion). Of course, the opposite is equally true. If a case fails to meet § 2284(a) 's requirements, the court may not convene a three-judge court. Armour , 925 F.2d at 989 (citing Hamilton v. Mengel , 629 F. Supp. 1110, 1112 (D. Utah 1986) ("[ § 2284(a) ] does not give a district court or a court of appeals a broad discretion to choose between a single judge or a three judge court.")); Nat'l Ass'n for Advancement of Colored People (NAACP) v. Merrill , 939 F.3d 470, 475 (2d Cir. 2019) (explaining that a three judge court can be convened only if case is within requirements of § 2284(a) and is justiciable

and within subject matter jurisdiction of federal courts). The court makes its determination based on the pleadings. Armour, 925 F.2d at 989. Thus, the court evaluates Plaintiffs' Motion based on the allegations in their amended complaint.

The court starts, "as always, with the statutory text." United States v. Gonzales, 520 U.S. 1, 4, 1 17 S.Ct. 1032, 137 L.Ed.2d 132 (1997). In the context of § 2284(a), the provision must be "strictly construed" and not applied liberally as a "broad social policy." Mitchell v. Donovan, 398 U.S. 427, 431, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970). Section 2284(a) reads as follows: "A district court of three judges shall be convened when ... an action is filed challenging the constitutionality of the apportionment of congressional districts" (emphasis added). There is no doubt that Plaintiffs advance a constitutional challenge in this case.

See, Alabama v. U.S. Dept. of Commerce, 493 F. Supp. 3d 1123 (N.D. Ala 2020).

For the above reasons and in light of Armour, it is respectfully requested that a three-judge court be convened.

/s/ Percy Squire_____
Percy Squire (0022010)
Percy Squire Co., LLC
341 S. Third Street, Suite 10
Columbus, Ohio 43215
(614) 224-6528, Telephone
(614) 224-6529, Facsimile
psquire@sp-lawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by operation of the United States District Court, Northern District of Ohio electronic filing system, on April 15, 2022.

/s/ Percy Squire_____
Attorney for Plaintiff (0022010)