# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SIMON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNOR MIKE DEWINE, *et al.*, <br><br> Defendants. | Case No. 4:22-cv-612 <br><br> Judge John R. Adams <br><br> Magistrate Amanda M. Knapp |

### DEFENDANT THE OHIO REDISTRICTING COMMISSION'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR THREE-JUDGE COURT, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PARTIAL SUMMARY JUDGMENT, AND IMMEDIATE APPOINTMENT OF A SPECIAL MASTER

Defendant The Ohio Redistricting Commission (the "Commission") adopts and incorporates the introduction, factual background, arguments, and conclusions set forth in Motion of Defendants Governor DeWine, Speaker Cupp, President Huffman, Secretary of State LaRose, and Auditor Faber (the "Individual Defendants") to Dismiss and the Individual Defendants' Memoranda in Opposition to Plaintiffs' Motions for Three-Judge Panel (ECF No. 2), Temporary Restraining Order, Preliminary Injunction, Partial Summary Judgment, and Immediate Appointment of a Special Master (ECF No. 3; together with ECF No. 2, the "Motions"). (*See* ECF Nos. 14, 15 (the "Individual Defendants' Responses"). For the reasons stated in the Individual Defendants' Responses, the Commission respectfully requests that the Court dismiss Plaintiffs' Complaint and deny Plaintiffs' Motions.

Further, the Commission alternatively moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for partial dismissal of Plaintiffs' Complaint. ("Complaint," ECF No. 5). Specifically, for the reasons stated herein, at the very least, the

Commission respectfully requests that the Court dismiss Plaintiffs' second claim (intentional racial discrimination), third claim (intentional racial discrimination in voting), and fourth claim (undue burden on the right to vote) of the Complaint against the Commission itself for two independent reasons. First, the Commission is not a "person" under § 1983 and thus Plaintiffs cannot pursue § 1983 claims against the Commission itself. Second, these claims are barred against the Commission itself by the Eleventh Amendment and principles of state sovereign immunity. A memorandum in support of this motion and in opposition to Plaintiffs' Motions is filed concurrently herewith.

Dated: May 11, 2022

Respectfully submitted,

/s Erik J. Clark
Erik J. Clark (0078732)
*Trial Attorney*
Ashley T. Merino (0096853)
**ORGAN LAW LLP**
1330 Dublin Road
Columbus, Ohio 43215
614.481.0900
614.481.0904 (facsimile)
ejclark@organlegal.com
amerino@organlegal.com

Special Counsel to Attorney General Dave Yost

*Counsel for Defendant the Ohio Redistricting Commission*

## STATEMENT CERTIFYING COMPLIANCE WITH L.R. 7.1

Pursuant to Local Rule 7.1(f), the Commission hereby certifies that this motion adheres to the 20-page limitation set forth in Local Rule 7.1(f) for standard and unassigned cases.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR THREE-JUDGE COURT, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PARTIAL SUMMARY JUDGMENT, AND IMMEDIATE APPOINTMENT OF A SPECIAL MASTER**

**I.      Introduction.**

Plaintiffs are a group of registered Black voters in Mahoning County, Ohio, claiming violations of the Voting Rights Act of 1965, Section 2 of the Fourteenth Amendment, the First Amendment, and the Fifteenth Amendment to the United States Constitution. (*See* ECF No. 5).

Defendant The Ohio Redistricting Commission (the "Commission") adopts and incorporates the Motion of Defendants Governor DeWine, Speaker Cupp, President Huffman, Secretary of State LaRose, and Auditor Faber (the "Individual Defendants") to Dismiss and the Individual Defendants' Memoranda in Opposition to Plaintiffs' Motions for Three-Judge Panel (ECF No. 2), Temporary Restraining Order, Preliminary Injunction, Partial Summary Judgment, and Immediate Appointment of a Special Master (ECF No. 3; together with ECF No. 2, the "Motions"). (*See* ECF Nos. 14, 15 (the "Individual Defendants' Responses")).

The Commission further moves, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for dismissal of the second, third, and fourth claims in Plaintiffs' Complaint against the Commission itself for two independent reasons. First, the Commission is not a "person" under § 1983 and thus Plaintiffs cannot pursue § 1983 claims against the Commission itself. Second, these claims are barred against the Commission itself by the Eleventh Amendment and principles of state sovereign immunity. Moreover, none of the exceptions to the state sovereign immunity applies to these claims against the Commission.

Accordingly, for the reasons stated in the Individual Defendants' Responses, the Commission respectfully requests that the Court dismiss Plaintiffs' Complaint and deny Plaintiffs' Motions. Alternatively, for the reasons stated herein, at the very least, the

1

Commission respectfully requests that the Court dismiss Plaintiffs' second, third, and fourth claims against the Commission.

## II. Background.

Plaintiffs filed their Complaint on April 18, 2022. (ECF No. 5). In their complaint, Plaintiffs allege four claims against all Defendants, including the Commission. The first claim alleges a violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, et seq. (Complaint at ¶¶ 60-66.) The second claim alleges "intentional racial discrimination" in violation of the Fourteenth Amendment, and is brought through pursuant to 42 U.S.C. § 1983. (Complaint at ¶¶ 67-72). The third claim, also a § 1983 claim, alleges "intentional racial discrimination in voting" in violation of the Fifteenth Amendment. (Complaint at ¶¶ 73-76). The fourth claim, also § 1983 claim, alleges "undue burden on the right to vote" in violation of the First and Fourteenth Amendments. (Complaint at ¶ 77-82).

## III. Motion to Dismiss Standard.

In addition to the reasons set forth in the Individual Defendants' Responses, the Commission, in the alternative, moves for partial dismissal of Plaintiffs' Complaint for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). This motion is a facial attack, challenging the sufficiency of the pleading itself. Thus, "the [C]ourt must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id*. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Inge v. Rock Fin., Corp.*, 281 F.3d 613, 677-679 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (punctuation omitted).

IV. **Law and Argument.**

In addition to the reasons for complete dismissal of Plaintiffs' claims and for denial of their Motions, the Commission alternatively moves for dismissal of Plaintiffs' second, third, and fourth Claims against the Commission itself because the Commission is not a "person" under § 1983 and thus Plaintiffs cannot pursue § 1983 claims against the Commission itself. And in any event, as an arm of the State of Ohio, the Commission is entitled to immunity as to these claims under the Eleventh Amendment of the United States Constitution and principles of state sovereign immunity. *See Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997).

A. **Plaintiffs Cannot Pursue § 1983 Claims Against The Commission Itself.**

First, Plaintiffs' second, third, and fourth claims, all brought through § 1983, should be dismissed because the Commission itself cannot be a defendant in a § 1983 action. "[S]tate agencies, such as the defendants in this case [the Industrial Commission of Ohio and Ohio Bureau of Workers Compensation], are not considered a "person" for purposes of liability under § 1983. *Reese v. Indus. Com'n of Ohio*, 3 Fed.Appx. 340, 342 (6th Cir. 2001) (citing *Howlett v. Rose*, 496 U.S. 356, 383 (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). This is reason alone to dismiss Plaintiffs' second, third, and fourth claims against the Commission itself.

3

### B. Plaintiffs' Second, Third, and Fourth Claims Are Barred Against The Commission Under State Sovereign Immunity.

Independently, state sovereign immunity also bars these claims against the Commission itself. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It is well-settled that sovereign immunity extends only to suits against a state, state officials, or an arm of the state. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *see also Beil v. Lake Erie Corr. Records Dep't,* 282 F. App'x 363, 366 (6th Cir. 2008) (quoting *Regents*, 519 U.S. 425, at 429) (sovereign immunity applies to "state agents and instrumentalities," . . . in addition to the states themselves.)). "Although by its terms the [Eleventh] Amendment applies only to suits against a State by citizens of another State, [the Supreme Court] ha[s] extended the Amendment's applicability to suits by citizens against their own States." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360, 363 (2001).

Here, Plaintiffs' second, third, and fourth claims must be dismissed against the Commission. ***First***, the Commission is an arm of the State of Ohio. To determine whether a government body is an arm of a state for Eleventh Amendment purposes, Sixth Circuit courts consider four factors: (1) whether the state would be responsible for judgment against the entity in question; (2) how state law defines the entity; (3) what degree of control the state maintains over the entity; and (4) the source of the entity's funding." *Ernst v. Rising*, 427 F.3d 351, 359 (6th Cir. 2005) (quoting *S.J. v. Hamilton Cnty.*, 374 F.3d 416, 420 (6th Cir. 2004)). Ohio law defines "State" as "the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, ***commissions***, agencies, institutions, and other instrumentalities of the state." Ohio Rev. Code

4

Ann. § 2743.01 (emphasis added). The Commission was created by an amendment to the Ohio Constitution, which was approved by Ohio voters in November 2015. "Article XI, Section 1 of the Ohio Constitution creates the Ohio Redistricting Commission, which is comprised of seven persons who are responsible for the redistricting of the State of Ohio for the general assembly, and, if necessary, for congress." ('Rule 01-Establishing Authority,' Ohio Redistricting Commission Rules, available at https://www.redistricting.ohio.gov/). Further, the Ohio Constitution grants the Commission power to adopt rules, hire staff, and expend funds. *See* Article XI, Section 1 (B)(2)(a)-(b). The State appropriates funds to be expended by the Commission as part of its two-year operating budget. (*See* Am. Sub. H. B. No. 110). Plaintiffs cannot dispute that the Commission is an arm of the State for Eleventh Amendment purposes.

**Second**, no exception to state sovereign immunity applies. There are three such exceptions: "(1) when the state has consented to suit; (2) when the exception set forth in *Ex parte Young*, 209 U.S. 123 (1908) applies; and (3) when Congress has clearly and expressly abrogated the state's immunity." *Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016). Here, Ohio has not waived its sovereign immunity from civil rights lawsuits in federal court. *Regenold v. Ohio State Bd. Of Educ.*, No. 2:21-CV-1916, 2021 WL 2895130, at *3 (S.D. Ohio) (citing *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999)). And "Congress did not abrogate states' Eleventh Amendment immunity through § 1983." *Id*. (citing *Quern v. Jordan*, 440 U.S. 332, 337 (1979)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (holding that a state is not a "person" subject to liability under § 1983, and that the statute did not abrogate states' Eleventh Amendment sovereign immunity.).

Moreover, the *Ex parte Young* exception applies only to suits against **state officials** in their official capacities acting in violation of federal law, not against a state itself or an arm of

5

the state. *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013). Indeed, absent consent, the Eleventh Amendment bars all suits against a state or an arm of the state "***regardless of the nature of the relief sought***." *Pennhurst State Sch. & Hosp.*, 465 U.S. 89, 100-102 (citations omitted) (emphasis added). *See also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("Unless a [s]tate has waived its Eleventh Amendment Immunity or Congress has overridden it, . . . a [s]tate cannot be sued directly in its own name ***regardless of the relief sought.***"); *Sefa v. Kentucky*, 510 F. App'x. 435, 437 (6th Cir. 2013) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993)) (Eleventh Amendment "bars all suits, ***whether for injunctive, declaratory or monetary relief***, against the state and its departments.") (emphasis added)). This means that absent an express waiver, a suit against a state or an arm of the state is barred even if the relief sought is purely injunctive. Accordingly, none of the exceptions to state sovereign immunity can save Plaintiffs' second, third, and fourth claims from dismissal against the Commission itself.

***Third***, this Court should dismiss these claims even though the Commission is not immune from Plaintiffs' first claim. When some claims are barred by the Eleventh Amendment or principles of state sovereignty, but other claims in the same lawsuit are not barred, the Court should dismiss the claims that are barred. Courts "consider Eleventh Amendment immunity, as well as any exceptions to it, on a claim-by-claim basis." *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005); *see also, e.g.*, *Soto v. Texas Dep't of Fam. & Protective Servs.*, 197 F. Supp. 3d 930, 932 (S.D. Tex. 2016) (granting state agency's partial motion to dismiss for lack of subject matter jurisdiction while allowing plaintiff's Title VII claims to remain); *Nasserizafar v. Indiana Dept. of Transp.*, 27 F.Supp.3d 935, 937–938 (S.D. Ind., 2014) (granting state department of transportation's partial motion to dismiss three of plaintiff's four claims, but allowing the Title

6

VII claim to remain); *Staab v. Dep't of Transportation of the Commonwealth of Pennsylvania*, No. 1:15-CV-00072-BR-SPB, 2016 WL 5373756, at *1 (W.D. Pa. Sept. 26, 2016) (granting partial motion to dismiss of state whistleblower law claim while retaining claims under § 1983 and Title VII of the Civil Rights Act); *Kuchmas v. Towson Univ.*, No. CIV.A. RDB 06-3281, 2007 WL 2694186, at *8 (D. Md. Sept. 10, 2007) (granting partial motion to dismiss of Fair Housing Act claims while retaining claims under the Americans with Disabilities Act and the Rehabilitation Act). Here, to be sure, Plaintiffs' first claim is brought pursuant to the Voting Rights Act, and the Sixth Circuit has held that Congress validly abrogated state sovereignty for claims brought pursuant to that law. *See Mixon*, 193 F.3d at 398-399 (6th Cir.1999). But as established above, that does not eliminate the requirement that the Court dismiss Plaintiffs' remaining three claims.

**V. Conclusion.**

For the reasons stated in the Individual Defendants' Responses, which are incorporated herein, the Commission respectfully requests that the Court dismiss Plaintiffs' Complaint and deny Plaintiffs' Motions. Alternatively, for the reasons stated herein, at the very least, the Commission respectfully requests that the Court dismiss Plaintiffs' second, third, and fourth claims against the Commission itself.

Dated: May 11, 2022 

Respectfully submitted,

/s Erik J. Clark
Erik J. Clark (0078732)
*Trial Attorney*
Ashley T. Merino (0096853)
**ORGAN LAW LLP**
1330 Dublin Road
Columbus, Ohio 43215
614.481.0900
614.481.0904 (facsimile)
ejclark@organlegal.com
amerino@organlegal.com

7

Special Counsel to Attorney General Dave Yost

*Counsel for Defendant the Ohio Redistricting Commission*

**CERTIFICATE OF SERVICE**

This is to confirm that a copy of the foregoing was electronically filed on May 11, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

/s Erik J. Clark
*Attorney for Defendant the Ohio Redistricting Commission*