UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Reverend Kenneth L. Simon, et al., | ) | CASE NO. 4:22CV612 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | MAGISTRATE JUDGE AMANDA KNAPP |
| | ) | |
| Mike DeWine, et al., | ) | ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

On September 12, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R") which recommended granting the pending motions to dismiss (Docs. 15 and 18) filed by Defendants. Doc. 27. On September 26, 2023, Plaintiffs filed objections to the R&R.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). However, this Court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting that report. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Willis v. Sullivan*, 931 F.2d 390, 400–01 (6th Cir. 1991). The filing of vague, general, or conclusory objections does not meet the requirement of specific

objections and is tantamount to a complete failure to object. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Herein, Plaintiffs' objections consist of just over two pages with ten numbered paragraphs. It appears that each paragraph is an individual objection. The objections are at best conclusory statements alleging various errors in the R&R. As such, it would be within the Court's discretion to find that Plaintiffs have waived any challenge to the R&R. However, out of an abundance of caution, the Court will review Plaintiff's objections.

The Court will not restate the full factual background of this matter because it is thoroughly detailed in the R&R. However, in summary, the Court notes that Plaintiffs filed their complaint in this matter alleging four causes of action. Plaintiffs contend that Ohio's redistricting efforts violated Section 2 of the Voting Rights Act, violated Section 2 of the Fourteenth Amendment, violated the Fifteenth Amendment, and violates the First and Fourth Amendments. Contemporaneous with the complaint, Plaintiffs requested that the undersigned begin the process of creating a three-judge panel to adjudicate this matter. In response, each of the named Defendants moved to dismiss the entirety of the complaint. The Court referred solely these motions to the Magistrate Judge for the preparation of an R&R. The R&R was completed on September 12, 2023 and recommended granting the motion to dismiss. The R&R , however, properly noted that prior to any dismissal, the undersigned must determine whether a three-judge panel is necessary. Plaintiffs timely objected to the R&R, and the Court now resolves those objections.

Initially, Plaintiffs contend that the R&R erred when it discussed the requirement of a three-judge panel. However, the R&R made no recommendation with respect to the motion pending

before this Court requesting such a panel. As the Court will resolve that motion in this order, there is no basis for this objection.

Plaintiffs next contends that the R&R erroneously found that *Cousin v. Sundquist*, 145 F.3d 818 (6th Cir. 1998) was controlling rather than *Armour v. Ohio*, 775 F.Supp. 1044 (N.D.Ohio 1991). While Plaintiffs suggest that *Armour* could only be overruled by an *en banc* panel of the Sixth Circuit, the conclusory objection wholly ignores the analysis performed by the R&R. The R&R accurately detailed later developments in the law surrounding the Voting Rights Act ("VRA") from the U.S. Supreme Court.[1] Those authorities fully supported the application of *Cousin* to the claims raised in the complaint.

Plaintiffs' remaining objections related to their § 2 VRA claim focus upon the belief that R&R improperly categorized their "nomination" claim. However, the Court finds that the R&R properly determined that the Plaintiffs' "nomination" claim is not distinct from an "influence" claim. In that regard, Plaintiffs' proposed claim would suffer from the same flaws the Supreme Court recognized when rejecting the premise of crossover districts:

> Determining whether a § 2 claim would lie—i.e., determining whether potential districts could function as crossover districts—would place courts in the untenable position of predicting many political variables and tying them to race-based assumptions. The Judiciary would be directed to make predictions or adopt premises that even experienced polling **1245 analysts and political experts could not assess with certainty, particularly over the long term. For example, courts would be required to pursue these inquiries: What percentage of white voters supported minority-preferred candidates in the past? How reliable would the crossover votes be in future elections? What types of candidates have white and minority voters supported together in the past and will those trends continue? Were past crossover votes based on incumbency and did that depend on race? What are the historical turnout rates among white and minority voters and will they stay the same? Those questions are speculative, and the answers (if they could be supposed) would prove elusive. A requirement to draw election districts on answers to these and like

---

[1] For example, the R&R properly notes that *Allen v. Milligan*, 599 U.S. 1, 38 (2023) applied the *Gingles* test to single-member districts – a conclusion that *Armour* rejected. *Id.* ("we have unanimously held that § 2 and *Gingles* '[c]ertainly ... apply' to claims challenging single-member districts.").

> inquiries ought not to be inferred from the text or purpose of § 2. Though courts are capable of making refined and exacting factual inquiries, they "are inherently ill-equipped" to "make decisions based on highly political judgments" of the sort that crossover-district claims would require.

*Bartlett v. Strickland*, 556 U.S. 1, 17 (2009). As such, Plaintiffs' objection to the use of the *Gingles* test are without merit.

Plaintiffs' remaining objections contend that the R&R erred when it found that the complaint failed to state viable claims under the Fourteenth and Fifteenth Amendments. With respect to the Fourteenth Amendment claim, Plaintiffs have wholly failed to address the analysis set forth in the R&R. The R&R details the shortcomings of Plaintiffs' pleading – both factually and legally. The R&R correctly notes that the complaint contains no factual allegation of intentional discrimination, but instead generically alleges intentional disregard of the number of minority voters. The only support offered for this conclusory allegation is that Ohio has a history of racial discrimination and that Ohio's justifications for its plan are "tenuous and pretextual." Based upon those facts, the R&R properly concluded that Plaintiffs had failed to allege any viable claim under the Fourteenth Amendment.

In their final objection, Plaintiffs contend that the R&R erred when it found no viable Fifteenth Amendment claim was contained in the complaint. In support, the R&R noted the following from the Supreme Court: "we have never held that vote dilution violates the Fifteenth Amendment." *Reno v. Bossier Par. Sch. Bd.*, 528 U.S. 320, 334 (2000). Moreover, to the extent that any such claim is premised upon intentional discrimination, this claim suffers from the same deficiency as the Fourteenth Amendment claim – namely that any such allegations are wholly conclusory without any factual support. Accordingly, Plaintiffs have shown no error in the R&R.

Finally, the Court notes that the R&R recommended dismissal of the claim arising under the First and Fourteenth Amendments. The R&R detailed that redistricting is not regulated by the

First Amendment and that Plaintiffs had not alleged with any factual support that race was a "predominant factor" as required under this type of Fourteenth Amendment claim. Plaintiffs raised no objection to this aspect of the R&R. Accordingly, they have waived any challenge to this analysis and the recommendation to dismiss this claim.

While the Court has found no error in the R&R, it cannot simply adopt the R&R. Plaintiffs have moved for this Court to create a three-judge panel pursuant to 28 U.S.C. § 2284. In that regard, "constitutional claims will not lightly be found insubstantial for purposes of" the three-judge-court statute. *Washington v. Confederated Tribes of Colville Reservation*, 447 U.S. 134, 147–148 (1980). The Supreme Court has long distinguished between failing to raise a substantial federal question for jurisdictional purposes and failing to state a claim for relief on the merits; only "wholly insubstantial and frivolous" claims implicate the former. *Bell v. Hood*, 327 U.S. 678, 682–683 (1946); *see also Hannis Distilling Co. v. Mayor and City Council of Baltimore*, 216 U.S. 285, 288 (1910) ("obviously frivolous or plainly insubstantial"); *Bailey v. Patterson*, 369 U.S. 31, 33, (1962) (per curiam) ("wholly insubstantial," "legally speaking non-existent," "essentially fictitious"). Consistent with this principle, "'[c]onstitutional insubstantiality' for this purpose has been equated with such concepts as 'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' and 'obviously without merit.'" *Goosby v. Osser*, 409 U.S. 512, 518 (1973) (citations omitted).

As detailed by the R&R and adopted herein, the VRA claim raised by Plaintiffs fall woefully short of meeting the *Gingles* test. As the R&R noted: "The first precondition is that 'the minority group must be able to demonstrate that it is sufficiently large and geographically compact to constitute a majority in a single-member district.' *Gingles*, 478 U.S. at 50." Doc. 27 at 8. It is undeniable that Plaintiffs cannot satisfy this precondition. As detailed above, as the U.S. Supreme

Court has clearly *required* the use of *Gingles* in single-member districts, Plaintiffs arguments that it should not apply are wholly insubstantial and do not warrant a three-judge panel.

Similarly, Plaintiffs claims under the Fourteenth and Fifteenth Amendments contained *no supporting factual* allegations.  Rather, they merely allege discrimination without any information to support their conclusions.  Moreover, Plaintiffs fail to address the fact that the U.S. Supreme Court has declined to permit a vote dilution claim under the Fifteenth Amendment.  As such, these claims are similarly "obviously without merit."

Based upon the above, Plaintiffs' motion to convene a three-judge panel (Doc. 2) is DENIED.  The R&R is hereby adopted in WHOLE.  Defendants' motions to dismiss (Docs. 15 and 18) are GRANTED.  Plaintiffs' motions for a temporary restraining order (Doc. 4) and for class certification (Doc. 3) are DENIED.  This matter is hereby DISMISSED.

IT IS SO ORDERED.


Dated:  October 12, 2023  /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE