UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Reverend Kenneth L. Simon, et al., | ) | CASE NO.: 4:22CV612 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mike DeWine, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiffs' motion (Doc. 56) to alter or amend this panel's opinion and order (Doc. 54) that was issued on July 1, 2024. Upon review, the motion is DENIED.

"A court may grant a Rule 59(e) motion to alter or [to] amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Plaintiffs contend that this standard has been satisfied because "[i]n this case the Court should correct its erroneous statement that ability to nominate a candidate is of not (sic) §2 significance. The Court's statement ignores the plain language of [§] 2." Doc. 56 at 4. Plaintiffs take issue with the following passage from our prior opinion:

> Critically, plaintiffs direct us to nothing in *Armour* or any other case that suggests that the ability to nominate a candidate alone is of any § 2 significance. *See Bartlett*, 556 U.S. at 15 ("Nothing in § 2 grants special protection to a minority group's right to form political coalitions."). Rather, in *Armour*, the district court concluded that the plaintiffs had shown that Black voters could elect a candidate of their choice, with the help of non-minority voters. 775 F. Supp. at 1060. In the Supreme Court's current nomenclature that is a "crossover" claim; and crossover claims are not cognizable under § 2. *Bartlett*, 556 U.S. at 14–20.

Doc. 54 at 7.

Plaintiffs contend that this panel clearly erred in its decision because Section 2 of the Voting Rights Act distinguishes between election and nomination claims. Section 2 provides in relevant part:

> A violation of subsection (a) is established if, based on the totality of circumstances, it is shown that the political processes leading to *nomination* or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.

52 U.S.C.A. § 10301 (emphasis added). Plaintiffs contend that because they seek to litigate a nomination claim, the panel erred in relying on *Gingles* and its prerequisites.

Contrary to Plaintiffs' contentions, changing the nomenclature attached to their claim does not alter the legal analysis that led to its dismissal. Under *Gingles*, plaintiffs must demonstrate that (1) their group is sufficiently large and geographically compact to constitute a majority in a single-member district; (2) it is politically cohesive; and (3) the white majority votes sufficiently as a bloc to enable it usually to defeat the minority's preferred candidate. *Growe v. Emison*, 113 S.Ct. 1075, 1084 (1993); *Thornburg v. Gingles*, 106 S.Ct. 2752, 2766 (1986). Satisfaction of these three "preconditions," *Voinovich v. Quilter*, 113 S.Ct. 1149, 1157 (1993), is necessary, *Gingles*, 106 S.Ct. at 2766, but not sufficient to establish liability under § 2. *Chisom v. Roemer*, 111 S.Ct. 2354, 2365, (1991). No court has ever found that a so-called nomination claim falls outside the *Gingles* framework, and this panel finds no basis to do so under the facts pled herein.

Notably, it appears that the plaintiffs in *France v. Pataki*, 71 F.Supp.2d 317 (S.D.N.Y. 1999) attempted to raise the argument put forward by our Plaintiffs. In *France*, the plaintiffs sought "to pursue a legal theory that because the present claim involves the nomination, rather than the actual election of Supreme Court Justices, the claim is removed from the controlling authority of *Thornburg v. Gingles*, 478 U.S. 30, 106 S.Ct. 2752, 92 L.Ed.2d 25 (1986)." *Id.* at 320. The *France*

court rejected this argument, applied the *Gingles* preconditions, and dismissed the complaint. This Court agrees and reaches the same conclusion as the *France* court.

Plaintiffs' motion to alter or amend the panel's prior decision is DENIED.

IT IS SO ORDERED.


August 2, 2024                                     */s/ John R. Adams*
                                                   JUDGE JOHN R. ADAMS
                                                   UNITED STATES DISTRICT COURT

                                                   */s/ Solomon Oliver*
                                                   JUDGE SOLOMON OLIVER
                                                   UNITED STATES DISTRICT COURT

                                                   */s/ Joan L. Larsen*
                                                   JUDGE JOAN L. LARSEN
                                                   SIXTH CIRCUIT COURT OF APPEALS